UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ARUN RATTAN,                                )
                                            )
            Plaintiff,                      )
                                            )
v.                                          )          No. 3:12-CV-325
                                            )          (PHILLIPS)
RANDY NICHOLS, KNOX COUNTY                  )
DISTRICT ATTORNEY GENERAL, et al.,          )
                                            )
            Defendants.                     )

ORDER

## I.   Introduction

This matter is before the Court on two Motions to dismiss filed by the Defendants [Docs. 4 & 11], Plaintiff's Motion for a Scheduling Order [Doc. 18] and Motion for a Ruling [Doc. 16]. For the reasons that will follow, the Defendants' Motions to Dismiss [Docs. 4 & 11] are **GRANTED**, the Plaintiff's Motion for a Scheduling Order [Doc. 18] will be **DENIED as MOOT**, Plaintiff's Motion for an Extension of Time to File a Response to the Defendant's Motion to Dismiss [Doc. 7] will be **GRANTED** and the Plaintiff's Motion for a Ruling [Doc. 16] will be **DENIED as MOOT**.

## II.   Jurisdiction

The Court notes that it has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as the Plaintiff asserts a claim for violations of several constitutional rights and a claim under 42 U.S.C. §1983.

## III.   Statement of the Facts

Mr. Rattan has filed numerous lawsuits with this Court against several members of the Knoxville government, including the police department, state court judges, individual police

1

officers, the Attorney General, and so on. The Court has cautioned Mr. Rattan that it is improper to file frivolous lawsuits, but, undaunted, Mr. Rattan continues to file these matters. The factual and legal arguments that Mr. Rattan raises in all of these suits are practically identical.

Mr. Rattan is suing Knox County District Attorney General Randy Nichols, alleging that his subsequent criminal prosecution by General Nichols' office violates his right to equal protection guaranteed by the Fourteenth Amendment to the United States Constitution. [Doc. 1]. The Plaintiff seeks an injunction against Randy Nichols, Attorneys' fees and $1,140,000 in damages. [Doc. 1 at 9]. The money that the Plaintiff requests is sought to compensate for 1) his "fear regarding [cost of] plea bargains with the Assistant District Attorneys," 2) his fear at "the possibility of obtaining a large loan for a criminal trial," and 3) the heavy cost of suing practically every branch of the Knoxville government.[1]

IV.     **Analysis**

a.  **Motion to Dismiss Standard**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). When considering a Rule 12(b)(6) motion, a court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party. *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *In re*

---

[1] The Plaintiff writes, " In terms of the Plaintiff's non-pecuniary damages, the Plaintiff has lost valuable time in having to contact attorneys, obtain loans from a bank, in having to deal with the frustration of the first attorney, writing this Complaint and writing another Complaint against the police officer and Knox County." [Doc. 1 at 8].

*Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009). To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim.

Typically, matters outside the pleadings may not be considered in ruling on a Rule 12(b)(6) motion unless the motion is converted to a motion for summary judgment. *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). However, a court may consider any documents attached to a motion to dismiss to be part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Id.* at 89. In this case, the Court will consider only the Complaint, the Motion to Dismiss and the Plaintiff's Response without converting this Motion to Dismiss to a motion for summary judgment.

### b. § 1983 Analysis

The Eleventh Amendment prohibits federal courts from hearing a damages claim against a state and its entities except where Congress has explicitly abrogated a state's immunity or where the state itself has consented to suit. *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 940 (6th Cir. 1990). States have not consented to being sued under § 1983, and the Supreme Court has held that Congress did not abrogate states' immunity when it passed 42 U.S.C. § 1983. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Thus, states may not be sued for monetary damages under § 1983. *Id.* While the Eleventh Amendment bars § 1983 actions against the State itself, plaintiffs may sue "persons" acting color of state law. *Id.*

Under § 1983, plaintiffs may sue state employees in their "official" capacity (so long as it is for prospective injunctive relief), state employees in their "personal" capacity (for monetary damages or injunctive relief), and private parties who acted under color of state law. *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985). The capacity in which a public officer or employee is

sued has an effect on what the plaintiff must prove to establish liability, what defenses are available, and what remedies the plaintiff may seek. *Id.*

The Supreme Court has held that state employees may not be sued in their official capacity for monetary damages. *Hafer*, 502 U.S. at 25. More precisely, the Supreme Court has held that state employees sued in their official capacity for monetary damages are not "persons" within the meaning of § 1983. *Id.* This is because "the real party in interest in an official-capacity suit is the governmental entity and not the named official." *Id.* Thus, the Supreme Court has made clear that suits "against state officials in their official capacity [for monetary damages] therefore should be treated as suits against the State," and as previously stated, the Eleventh Amendment bars §1983 actions against the state for monetary damages. *Id.* "The purpose behind placing state officials sued in their official capacities out of range of a § 1983 claim [for monetary damages] is that *such a suit, in essence, is a suit against the state*, which is not a permissible defendant in a § 1983 action." *Okwa v. Harper*, 360 Md. 161, 193 (Md.Ct.App. 1999) (emphasis added). However, there is an exception: a state employee sued in his official capacity for *prospective injunctive relief* qualifies as a "person" within the meaning of § 1983, and thus may be sued.[2]

In contrast, suits against state employees in their personal capacity are not treated as suits against the state: "By contrast [to official-capacity suits], officers sued in their personal capacity come to court as individuals." *Hafer*, 502 at 27. In *Hafer*, the Supreme Court held that state employees sued in their personal capacity are "persons" within the meaning of § 1983. *Id.* The point was to make clear that suits against state employees in their personal capacity are not treated as suits against the state. *Id.*

---

[2] "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State. . . " *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, n.10 (1989).

The Plaintiff is suing District Attorney Randy Nichols and Knox County pursuant to 42 U.S.C. § 1983. The Sixth Circuit has established that local government officials may subject the municipality for which they work to liability only under a narrow set of circumstances. The Sixth circuit writes that "It is well-established that a local government official with final policy-making authority under state law may, by his actions, subject the local government for which he works to § 1983 liability. However, the plaintiff must identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *Johnson v. Turner,* 125 F.3d 324, 335 (6th Cir. 1997).

The Defendant's Motion to Dismiss correctly reasons that District Attorney General Randy Nichols is a State of Tennessee employee and official; therefore, absent a showing that Mr. Nichols has final policy–making authority and that policy us is connected to Knox County itself, there is no basis for suit under 42 U.S. C. §1983. [Doc. 4 at 2] Second, the Motion correctly states that punitive damages are not recoverable against municipalities in a §1983 action. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 271, 247 (1981).

General Nichols is an employee and official of the State of Tennessee, and Mr. Rattan acknowledges this fact in his Complaint [Doc. at ¶ 41]. Mr. Rattan is also suing Knox County pursuant to *§ 1983* because General Nichols "may be" elected by Knox County voters, "his salary may be paid through funds of Knox County," "there are strong connections with the county," and "Randy Nichols does make official policy for Knox County." [Doc. 1 at ¶ 41].

The Plaintiff's Response in Opposition to the Defendants' Motions to Dismiss [Doc. 17] is completely incoherent and appears to blend several of the Plaintiff's other matters before this Court into the instant matter. It appears that the Plaintiff has forgotten which arguments belong to which lawsuit against which defendants. Mr. Nichols is an employee of the State of

Tennessee, there is no basis for suit against Knox Country and punitive damages are not recoverable against municipalities in a §1983 action . For these reasons, the Plaintiff's Complaint is frivolous and will be **DISMISSED WITH PREJUDICE** because it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989).

## V.     Conclusion

For the aforementioned reasons, the Defendants' Motions to Dismiss [Docs. 4 & 11] are **GRANTED**, the Plaintiff's Motion for a Scheduling Order [Doc. 18] is **DENIED as MOOT**, the Plaintiff's Motion for an Extension of Time to File a Response to the Defendant's Motion to Dismis**s** [Doc. 7] will be **GRANTED** and the Plaintiff's Motion for a Ruling [Doc. 16] will be **DENIED as MOOT**.


**IT IS SO ORDERED.**


**ENTER:**


            s/ Thomas W. Phillips
United States District Judge