UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ARUN RATTAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:12-CV-325 |
| ) | (PHILLIPS/SHIRLEY) |
| V. ) | |
| ) | |
| RANDY NICHOLS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the District Judge.

On March 6, 2013, the Court granted the Defendants' Motion to Dismiss. [Doc. 27]. The Clerk of Court entered Judgment directing that Plaintiff take nothing on the same day. [Doc. 28]. On March 19, 2013, the Plaintiff filed Motion to Waive Appeal Bond [Doc. 30], and on April 11, 2013, Plaintiff filed a Motion for Leave to Appeal *in Forma Pauperis* [Doc. 31]. Both of these motions have been referred to the undersigned.

With regard to the Motion (Application) to Proceed *in Forma Pauperis*, the Court finds that the Plaintiff is a licensed attorney, presumably with the ability to be employed and earn income sufficient to earn and pay the filing fee for an appeal. Plaintiff states, without explanation, that he is currently unemployed, but notes that he previously worked part time at McDonald's and earned approximately $250 per month. Plaintiff does not explain why he left the position at McDonald's or why he was only working approximately 34 hours per month at this position.[1]

---

[1] $250.00 divided by $7.25 (Federal Minimum Wage, see www.dol.gov/whd/regs/compliance) yields 34.5 hours per month.

The Court, however, has not based its decision on Plaintiff's underemployment. Instead, the Court finds that the Plaintiff has the ability to prepay the filing fees because: (1) he has rental income of over $1200 per month; (2) he has $1000 in cash in a checking account; and (3) his monthly expenses of $1000 are partially paid by his wife and do not exceed his income.

In sum, the Court has reviewed the application as a whole, and the Court finds that the Plaintiff can pay the $450.00 appellate filing fee required by the Court of Appeals. The Court finds that the Plaintiff has not demonstrated his "inability to pay or to give security for fees and costs." Fed. R. App. P. 24(a)(1)(A). Accordingly, the Motion (Application) to Proceed *in Forma Pauperis* **[Doc. 31]** is **DENIED**.

In his Motion to Waive Appeal Bond, Plaintiff moves the Court to suspend payment of an appeal bond. Pursuant to Rule 7 of the Federal Rules of Appellate Procedure, the "district court may require an appellant to file a bond or provide security in any form and amount necessary to ensure payment of costs on appeal." Neither District Judge Phillips nor the undersigned have indicated that the Plaintiff would be required to post a bond for costs on appeal. There is no bond to be waived in this case, and accordingly, the Motion to Waive Appeal Bond **[Doc. 30]** is **DENIED AS MOOT**.

In sum, the Motion (Application) to Proceed *in Forma Pauperis* **[Doc. 31]** is **DENIED**, and the Motion to Waive Appeal Bond **[Doc. 30]** is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge